**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30098 |
| Plaintiff-Appellee, | D.C. No. 4:05-cr-00106-BMM-1 |
| v. | |
| TAMMY HALLING, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted January 18, 2023**

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Tammy Halling appeals from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Halling suggests that the district court erred in its application of U.S.S.G. § 1B1.13. The record shows, however, that the district court correctly treated § 1B1.13 as advisory. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Halling further contends that she is entitled to compassionate release and the district court erred by failing to explain its decision to deny relief. We disagree. The record reflects that the district court considered Halling's arguments for release and adequately explained its decision. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Moreover, in light of the nature of Halling's offense and the threat she would pose to the public if released, the district court did not abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors do not support release. *See Keller*, 2 F.4th at 1284; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (the district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**